IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TIMOTHY DEAN CLARK                                                                    PETITIONER
ADC #141021

vs.                                    Case No. 5:09CV00039 JLH-JTK

RAY HOBBS,[1] *Director*,
Arkansas Department of Correction                                                     RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United Sates District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

---

[1] Substituted for former Director Larry Norris pursuant to Fed. R. Civ. P. 25(d).

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

## DISPOSITION

Now before the Court is a petition for a writ of habeas corpus under 28 U.S.C. §2254 by Timothy Dean Clark, an inmate in the Arkansas Department of Correction. On February 6, 2008, Petitioner entered a negotiated guilty plea to one count of sexual assault in the first-degree, for which he received 30 years' imprisonment. (Respondent's Exhibit A) In his federal habeas petition, filed on February 5, 2009, Petitioner argues that his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments was violated by a conflict of interest held by Ellen Reif, his assigned public defender. (Petitioner's Brief at 1) Specifically, Petitioner alleges that Ms. Reif's representation was tainted because Phyllis Worley, another public defender, represented Petitioner's wife (the victim's mother) in matters adverse to Petitioner's interests. *Id.* Petitioner raises this argument for the first time

in his federal habeas petition because "[he] did not know about the conflict until after the time to file [a] Rule 37 [petition] had expired." (Petition for Writ of Habeas Corpus at 5) For the reasons discussed below, Petitioner's claim is procedurally barred from review.

A federal habeas court may ordinarily consider only those federal constitutional claims fairly presented and raised in state court in accordance with state procedural rules. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). In order to fairly present a claim, a petitioner must have referred the state court to a specific constitutional right and must have presented a statement of the facts that entitle him to relief. *See Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). If a petitioner has not properly presented his claim to the state courts, the federal habeas court must determine whether the petitioner has nevertheless met his exhaustion requirement because no such non-futile state remedies are currently available. *Cox v. Lockhart*, 970 F.2d 448, 453 (8th Cir. 1992); *see also Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006) ("[S]tate-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their availability."). If such state remedies no longer exist because the petitioner failed to meet a state procedural requirement, the petitioner must demonstrate adequate cause for his default and actual prejudice resulting from the constitutional violation he asserts. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

Under Arkansas' procedural rules, one who pleads guilty generally forfeits his right to a direct appeal and may attack the effectiveness of his trial counsel only by filing a petition for post-conviction relief in the convicting court under Rule 37 of the Arkansas Rules of

Criminal Procedure. *See State v. Herred*, 332 Ark. 241, 251, 964 S.W.2d 391, 397 (1998) ("When a defendant pleads guilty, the only claims cognizable in Rule 37 proceedings are those which allege that the plea . . . was entered without the effective assistance of counsel."); *see also Scalco v. City of Russellville*, 318 Ark. 65, 68, 883 S.W.2d 813, 814 (1994) ("As a general rule, direct appeals from guilty pleas are prohibited."); *McConaughy v. Lockhart*, 310 Ark. 686, 687, 840 S.W.2d 166, 167 (1992) ("Ineffective assistance of counsel claims are not cognizable by [a state writ of] habeas corpus.") (emphasis omitted). A defendant who pleads guilty must file his Rule 37 petition within ninety (90) days of the judgment entry date. Ark. R. Crim. P. 37.2(c).

Petitioner procedurally defaulted his claim. His judgment entry date was February 6, 2008, (Respondent's Exhibit A), and the ninety-day (90) window in which to file a Rule 37 petition has expired. Ark. R. Crim. P. 37.2(c). To establish cause for failing to timely file a Rule 37 petition, Petitioner must, at a minimum, show that something "external to [him], something that cannot be fairly attributed to him," caused the procedural default. *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Coleman v. Thompson*, 501 U.S. at 753).

Petitioner argues that he did not become aware of an alleged conflict of interest until after the expiration of the filing deadline. (Petitioner's Reply at 2) Specifically, he contends that his ignorance was attributable to his public defender, Ellen Reif, who he claims was obligated to inform him that one of her associates, Ms. Worley, met with his wife, the victim's mother. *Id.* Petitioner also argues that Ms. Reif was required to bring this to the

4

court's attention and pursue any potential conflict claim "pre-trial, at trial or post-trial." *Id.* at 1. Petitioner's contention is without merit. The record indicates that Petitioner was aware of Ms. Worley's interaction with his wife before the passing of the Rule 37 filing deadline. In an affidavit dated March 18, 2009, Ms. Reif stated that she had conversations with Petitioner about Ms. Worley and that Petitioner regularly discussed the matter with his wife. (Respondent's Exhibit C1) Ms. Worley, in an affidavit dated March 11, 2009, also indicated that Petitioner's wife had regular contact with Petitioner about the matter. (Respondent's Exhibit C2) In his reply brief, Petitioner notes that his wife made comments to him before the Rule 37 filing deadline regarding her contact with Ms. Worley. (Petitioner's Reply at 2) Because it appears that Petitioner knew of Ms. Worley's involvement before the filing deadline, the Court cannot accept Petitioner's allegation of ignorance as proof of adequate cause to excuse his failure to timely file a Rule 37 petition. Having failed to establish such cause, the Court need not address whether Petitioner was actually prejudiced.[2] *See, e.g.,*

---

[2] Without reaching the merits of Petitioner's claim, the Court notes that an impermissible conflict of interest appears to be lacking. White County public defenders serve on a part-time basis and maintain separate offices. (Respondent's Exhibit C1) Ms. Worley, in addition to serving as a part-time public defender, operated a private law practice. (Respondent's Exhibit C2) Per affidavit testimony, Ms. Worley stated that her relationship with Petitioner's wife did not rise to the level of actual representation and, if it did, it was in her capacity as a private attorney. *Id.* The record indicates that Petitioner's wife sought guidance from Ms. Worley on debt management issues and general business matters. *Id.* The only time Ms. Worley appeared to have any involvement with Petitioner's case was in scheduling an appointment between Petitioner's wife and the prosecutor's office about possibly reducing Petitioner's charges; Ms. Worley was not present with Petitioner's wife during that meeting. *Id.* It does not appear, based upon the record, that Ms. Worley's communication with Petitioner's wife had any adverse impact on Ms. Reif's representation of Petitioner. *See Mickens v. Taylor*, 535 U.S. 162, 170-72 (2002) (arguing that a conflict of interest is one that "adversely affected counsel's performance").

*Maynard v. Lockhart*, 981 F.2d 981, 985 (8th Cir. 1992). Furthermore, the facts do not provide for the "extraordinary case" in which a habeas petitioner, notwithstanding his failure to properly exhaust a claim, is "actually innocent" of the charged crime. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."). Petitioner pleaded guilty and has not provided any new evidence suggesting actual innocence; he merely raises a claim that his trial counsel possessed an impermissible conflict of interest. *See Schlup v. Delo*, 513 U.S. 298, 316-17 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

IT IS THEREFORE RECOMMENDED that this petition be, and it is hereby, dismissed with prejudice.

SO ORDERED this 19th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE